COLDIRON v. COMMONWEALTH.

Court of Appeals of Kentucky.

Dec. 18, 1953.

Marcus Mann, T. J. Arnett, Salyersville, for appellant.

**126**

J. D. Buckman, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., Afton Smith, Hindman, for appellee.

SIMS, Chief Justice.

Appellant, Ellis Coldiron, Jr., was convicted of raping Levna Miller, a girl over the age of twelve years, and his punishment was fixed at confinement in the penitentiary for ten years. KRS 435.090. He asks that the judgment be reversed on the sole ground that incompetent evidence was admitted to his prejudice.

Prosecutrix, who was 21 years of age at the time of the occurrence, testified she was visiting at the home of her sister; that late in the afternoon she started up a country road to her home when she was overtaken by appellant. At this time she was a short distance from her sister's home. Her version of what happened was appellant began to scuffle with her and forced her to go down the road with him. Presently they came to a fork in the road and prosecutrix attempted to take the one which led to her home, but appellant prevented her from going home by drawing a .32 caliber pistol on her. He then forced her up the other fork of the road where he emptied his pistol in the air, one bullet almost striking her in the eye. Appellant reloaded his pistol and they continued several hundred yards up the road and he threatened two or three times to rape her. He was successful the last time, pulling her off the road, tearing her overall breeches off and throwing her to the ground where the act was consummated. She was struggling and screaming all the time.

Defendant testified that on the afternoon in question he had started to go to see another girl, and as he was proceeding along the road he passed the prosecutrix who was talking to two girls. He said, "Howdy," and continued walking. Prosecutrix called to him and he waited until she caught up with him. They walked down the road together, not talking, and passed the mouth of the hollow up which she lived. They continued on the main road and just before they got to the mouth of Roan Branch he suggested they have intercourse, to which she agreed.

■ The first evidence of which complaint is made is allowing the Commonwealth over appellant's objection to introduce a blouse and panties she wore on the date in question. The evidence of the bloody clothing was material here as appellant denied using force. The exhibited clothing evidenced the force, violence and severity of the crime, therefore it was material to the question of consent. The questions asked by the Commonwealth's attorney and the court were for the purpose of establishing the fact, which they did, that the garments were in the same condition when introduced in evidence as they were immediately after the alleged attack, hence were not prejudicial to appellant.

■ Appellant contends it was error to admit evidence as to prosecutrix's health subsequent to the commission of the crime. Her mother testified the girl was in "bad health, very weakly and able to do no work since this happened." Without passing upon whether this testimony was competent, it will suffice to say it was not prejudicial to appellant.

■ Finally, appellant contends a series of questions put to prosecutrix on rebuttal were erroneous and prejudicial. These questions were asked in the language of appellant's testimony that prosecutrix had suggested intercourse with him and was to meet him for that purpose. She answered them all negatively in a terse manner and it cannot be said with reason that she was again testifying in chief.

Judgment affirmed.